**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| IN RE APPLICATION OF FOURTEEN PRESS ORGANIZATIONS FOR ACCESS TO SEALED SEARCH WARRANT RECORDS | ) | No. 1:26-mc-00144-JEB |

**JUDICIAL WATCH, INC.'S MOTION FOR EXPEDITED ORDER**
**REQUIRING INDEX OF SEALED JUDICIAL RECORDS**

Judicial Watch, Inc., by counsel, moves for an expedited order requiring the Government to file a public index of the sealed judicial records by noon on October 29, 2026. That deadline would allow Judicial Watch to incorporate the index into its reply, due on October 30, 2026, without extending the briefing schedule. As grounds for this motion, Judicial Watch states:

**MEMORANDUM OF POINTS AND AUTHORITIES**

*Background*

1. On October 12, 2026, federal agents with the Department of Homeland Security's Homeland Security Investigations executed a search warrant at the Washington, D.C. residence of Representative Ilhan Abdullahi Omar, also known as Ilhan Nur Said Elmi. Both Representative Omar and the Government confirmed that agents had executed a judicially authorized search warrant as part of an ongoing criminal investigation. And since the execution of that warrant, both have offered commentary on the ongoing criminal investigation.

2. Judicial Watch moved to unseal the judicial records related to the search warrant on October 15, 2026. Judicial Watch seeks, among other things, the warrant, its application, supporting affidavits and attachments, any return and inventory, the docket sheet, and all related briefs, motions, orders, opinions, and transcripts filed in this matter, including records concerning the scope of the search and the sealing of these materials. On that same day, 14

press organizations and The New York Times Company filed similar applications. The Court consolidated all three applications on October 28, 2026.

3. On October 22, 2026, the Court granted the Government's motion to file under seal and ex parte, and the memorandum supporting its request for an extension of time. The Court noted that it would order a redacted version placed on the public record if, after review, it concluded one was warranted. Minute Order (Oct. 22, 2026). The Court set October 27, 2026, as the deadline for the Government's response and October 30, 2026, as the deadline for replies.

4. Late on October 27, 2026, the Government filed its Motion to Seal and its Consolidated Opposition under seal and ex parte, with a heavily redacted version made available on the public docket. Although the Government agrees with Judicial Watch that the requested records are judicial records and subject to disclosure, it seeks continued sealing of the requested records at this time. Its public filing discusses some individual records but does not identify the complete set of sealed records and the asserted grounds for the seal to remain for each.

5. Because Judicial Watch does not have access to the sealed docket, it cannot identify every record at issue. Nor can it determine from the Government's collective treatment of the records which asserted interests apply to which records or whether limited redactions would adequately protect those interests. An index would permit Judicial Watch to address those questions in its reply.

*Argument*

6. The common-law analysis requires consideration of the six-factor balancing test established in *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980). The *Hubbard* inquiry is, on its own terms, record specific. The first factor asks about the need for public access to

"the documents at issue." The second asks whether the public has already had access to them. The sixth asks about the purpose for which the documents were introduced. Each factor can yield a different answer for a warrant, an affidavit, a return, and a sealing order. *See, e.g., EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409-11 (D.C. Cir. 1996) (reviewing the Hubbard analysis separately as to the consent decree and other portions of the record).

7. In reaching its decision, this Court "must provide a 'full explanation' for its decision, detailed enough to permit 'review of the district court's exercise of its discretion.'" *In re L.A. Times Commc'ns,* 28 F.4th 292, 296–97 (D.C. Cir. 2022) (quoting *Nat'l Children's Ctr.*, 98 F.3d at 1410). In addition, the Court must also consider whether redaction is an appropriate alternative to continued sealing. *Id.* at 298. An index would therefore not only permit Judicial Watch to engage in informed briefing, but it would also assist the Court in its analysis.

8. The First Amendment right of access, which attaches to warrant materials, imposes an even more demanding standard. Continued sealing under the First Amendment requires specific findings on the record that closure is essential to a compelling interest and is narrowly tailored to serve it. *Washington Post v. Robinson*, 935 F.2d 282, 287-92 (D.C. Cir. 1991); *see In re Application of N.Y. Times Co. for Access to Certain Sealed Court Records*, 585 F. Supp. 2d 83, 87-93 (D.D.C. 2008) (recognizing a qualified First Amendment right of access to search warrant materials). Findings of that kind cannot be made for a docket treated as an undifferentiated whole.

9. The Government's Motion to Seal illustrates the problem. It argues that the *Hubbard* factors weigh strongly in favor of sealing "as the entire search warrant proceeding is currently under seal." Govt's Mot. to Seal at 3. That reasoning is circular. The fact that a record is currently sealed is not a reason for it to remain sealed. The Government's remaining

arguments, that disclosure could impair the investigation, diminish the availability of evidence, or cause witnesses to alter their testimony, *id*. at 3-4, apply with very different force to different records.

10. For example, the Government's interest is arguably strongest with respect to the probable cause affidavit. This record may identify witnesses, cooperators, uncharged persons, and investigative techniques. Judicial Watch recognizes that portions of the affidavit may warrant continued protection. Even so, the appropriate tool is ordinarily targeted redaction rather than wholesale sealing.

11. By contrast, the Government's interest would be weaker as it applies to the warrant and its attachments. Federal Rule of Criminal Procedure 41(f)(1)(C) requires the executing officer to give a copy of the warrant to the person from whose premises property was taken, or to leave a copy at the place searched. The warrant, including its description of the premises and the items to be seized, is therefore already in the hands of the person the Government would least want to learn of the investigation. The existence and location of the search have been publicly confirmed by both the Department of Justice and Representative Omar. Disclosure of the warrant cannot alert the subject to anything, cannot reveal the identity of a witness, and cannot invite the destruction of evidence that has already been seized.

12. The Government's response forces Judicial Watch into making Procrustean arguments, stretching to reach some records that, like the probable cause affidavit, might warrant some portions being withheld, but not knowing if others, like receipts, returns, or inventories, are on the sealed docket. So that the Court may have the benefit of the best possible briefing on this matter of great public concern, it should order the Government to identify, for each record it seeks to keep sealed, (a) the docket number or another unique

identifier, date, document type, page count, and a brief description of its general subject matter; (b) whether continued sealing is sought in whole or in part; and (c) the specific grounds supporting continued sealing and why redaction or partial disclosure would not adequately protect the asserted interest.

13. The index should connect each record to the applicable justification. For example, an application, affidavit, warrant, a return and inventory, and orders resolving a legal question serve different purposes and may implicate different interests. Judicial Watch needs to know which interests the Government asserts as to each to address both continued sealing and the availability of limited redactions. To avoid duplicative briefing, the Government may supply these explanations by specific cross-references to its existing opposition where that filing provides the applicable justification. The same cross-reference may be used for multiple records where the same justification applies. Like a privilege log or *Vaughn* index, the requested index would identify what is withheld and the grounds for withholding it without requiring disclosure of protected information.

14. Recent experience confirms that record-by-record treatment is workable in a pending, high-profile investigation of a prominent political figure. After the August 2022 search of former President Trump's residence, the Government itself moved to unseal the warrant and property receipt within days. The magistrate judge then unsealed the cover sheet, the application, and the Government's motion to seal, and ordered the Government to propose redactions to the affidavit after finding that it had not shown the entire affidavit must remain sealed. *In re Sealed Search Warrant*, No. 22-mj-8332-BER, 2022 WL 3582450 (S.D. Fla. Aug. 22, 2022). A redacted affidavit was released days later and the investigation proceeded.

15. Judicial Watch requests that the index be filed by noon on Thursday, October 29, 2026. That deadline would provide Judicial Watch with sufficient time to review the index and incorporate it into Judicial Watch's reply, which is due on October 30, 2026. Judicial Watch does not seek to extend the reply deadline. Expedited consideration would permit meaningful briefing within the existing schedule.

16. Counsel for Judicial Watch reached out to the Government's counsel at 10:30 am on October 28, 2026. At 2:10 pm, counsel for the Government stated that it opposes this motion.

***

Because the Government has access to the sealed records and has already submitted its grounds for continued sealing, an index would identify those records and connect them to the Government's existing explanations, permitting Judicial Watch to prepare its reply within the current schedule. Judicial Watch therefore respectfully requests that the Court grant this motion and direct the Government to file a public index of the sealed judicial records at issue by noon on October 29, 2026.

Dated: October 28, 2026

Respectfully submitted,

*/s/ Michael Bekesha* .
Michael Bekesha (D.C. Bar No. 995749)
Sean O'Donnell (D.C. Bar No. 90040392)
JUDICIAL WATCH, INC.
425 Third Street S.W., Suite 800
Washington, DC 20024
Tel: (202) 646-5172
Email: mbekesha@JudicialWatch.org

*Counsel for Judicial Watch, Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| IN RE APPLICATION OF FOURTEEN PRESS ORGANIZATIONS FOR ACCESS TO SEALED SEARCH WARRANT RECORDS | ) | No. 1:26-mc-00144-JEB |

[PROPOSED] **ORDER**

This matter is before the Court on Judicial Watch, Inc.'s Motion for Expedited Order Requiring Index of Sealed Judicial Records. Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that, on or before noon on October 29, 2026, the United States shall file on the public docket an index identifying, for each sealed record on the docket of Case No. 1:26-mc-00147 and any related search warrant docket: (1) the docket entry number and filing date; (2) a generic description of the record; (3) the number of pages; (4) whether the record or its substance has been provided to any person outside the Government, including under Federal Rule of Criminal Procedure 41(f)(1)(C); (5) the specific interest asserted in continued sealing of that record and the *Hubbard* factors relied upon; (6) whether the United States contends redaction would be inadequate to protect that interest, and why; and (7) the event or date upon which the United States contends sealing of that record would no longer be necessary; and it is further;

It is further ORDERED that, to the extent the United States contends any portion of the index cannot be placed on the public record, it shall file the complete index under seal together with a public version redacted only to the extent necessary; and it is further

//

ORDERED that Applicants may file a supplemental reply by days after the index is filed.

IT IS SO ORDERED.

Dated: ____________________

____________________________________
UNITED STATES DISTRICT JUDGE