**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE APPLICATION OF FOURTEEN PRESS ORGANIZATIONS FOR ACCESS TO SEALED SEARCH WARRANT RECORDS | ) No. 1:26-mc-144-JEB |

**NOTICE OF FILING**

**<u>Attachment A</u>**

**Judicial Watch, Inc.'s Renewed Motion to Intervene and Unseal Judicial Records**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| IN THE MATTER OF THE SEARCH OF ONE RESIDENCE IN WASHINGTON, DC UNDER RULE 41. | ) ) ) ) | Case No. 1:26-mc-00159-MJS |

**JUDICIAL WATCH, INC.'S RENEWED MOTION TO**
**INTERVENE AND UNSEAL JUDICIAL RECORDS**

Judicial Watch, Inc., by counsel, renews its motion to intervene in this matter for the limited purpose of unsealing all judicial records listed on the above-referenced docket.[1] The request includes any Rule 41(g) motion for return of property, all related motions and briefing, supporting declarations and exhibits submitted to the Court in connection with the motions, hearing minutes and any transcripts, and all related rulings, including filings and orders concerning sealing. It includes warrant materials to the extent submitted in connection with the Rule 41 motion practice in this docket.

Judicial Watch also moves to unseal these materials as expeditiously as possible, subject only to any specifically justified, limited redactions. The reasons for this motion are stated below.

**Memorandum of Points and Authorities**

## I. Background.

On October 15, 2026, Judicial Watch moved to intervene for the limited purpose of seeking public access and promptly unseal the warrant, its application, all supporting affidavits and attachments, any return and inventory, the docket sheet, and all related briefs, motions,

---

[1] As the Government recognized in its Second Notice Regarding Unsealing in Case No. 26-mc-00144-JEB, Judicial Watch moved orally during the November 17, 2026 hearing. ECF No. 32.

orders, opinions, and transcripts filed in this matter, including records concerning the scope of the search and the sealing of these materials relating to the search warrant executed at Representative Omar's Washington, D.C. residence on October 12, 2026. That motion was heard with related access applications on November 17, 2026. During that hearing, it became apparent that a second docket, 26-mc-00159-MJS, also relates to the October 12, 2026 search of Representative Ilhan Omar's Washington, D.C. residence. At the hearing, the Court directed the Government to inform it *ex parte* by November 23, 2026 whether the records in No. 26-mc-159 should be treated differently from those on the search-warrant docket and, if so, why.

The Government argues that Judicial Watch should "file papers" to unseal this docket. *See* Second Notice Regarding Unsealing, Case No. 26-mc-00144-JEB (ECF No. 32). Judicial Watch, therefore out of an abundance of caution, files this motion seeking a ruling on public access to the Rule 41 motion practice here.

Judicial Watch is a nonprofit educational organization that investigates government operations, analyzes the records it obtains, and disseminates its findings to the public. The requested records would allow Judicial Watch to report on how the Government executed a search of a Member of Congress's residence and how the Court reviewed requests concerning the custody, use, or return of seized property.

## II. Argument.[2]

"The public's right of access to judicial records derives from two independent sources: the common law and the First Amendment." *In re L.A. Times Commc'ns, LLC to Unseal Ct. Record*, 628 F. Supp. 3d 55, 62 (D.D.C. 2022) (citations omitted).

The common-law presumption of public access applies to judicial records. Whether a document qualifies turns on the role it plays in the adjudicatory process. *In re Leopold to Unseal Certain Elec. Surveillance Applications & Ords.*, 964 F.3d 1121, 1128–29 (D.C. Cir. 2020). As the D.C. Circuit has explained, "every part of every brief filed to influence a judicial decision qualifies as a 'judicial record.'" *League of Women Voters of the U.S. v. Newby*, 963 F.3d 130, 136 (D.C. Cir. 2020). This District applied that principle to a motion to quash an attorney's charging lien, its exhibits, and the associated briefing. *True the Vote, Inc. v. IRS*, No. 13-cv-734, ECF No. 267, at 10–11 (D.D.C. May 31, 2024).

The same reasoning applies to the Rule 41 motion practice here. A motion under Rule 41(g) asks the Court to decide whether the Government must return seized property and whether any conditions should govern access to or use of the property in later proceedings. The motion, the opposition and reply, and the declarations and exhibits submitted to inform that decision therefore qualify as judicial records. So do the Court's orders resolving the motion. The related docket entries, hearing minutes, and any transcripts document the proceedings in which the Court considered the parties' requests. The common-law presumption of public access therefore

---

2 Because the D.C. Circuit has held that "nonparties may permissively intervene for the purpose of challenging confidentiality orders," *EEOC v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1045 (D.C. Cir. 1998), and that principle extends to orders sealing judicial records, Judicial Watch focuses this memorandum on the merits of its request to unseal all judicial records listed on the above-referenced docket.

applies, and any continued sealing should be assessed under *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980).

"Under the *Hubbard* test, a seal may be maintained only if the district court, after considering the relevant facts and circumstances of the particular case, and after weighing the interests advanced by the parties in light of the public interest and the duty of the courts, concludes that justice so requires." *Leopold*, 964 F.3d at 1131 (citation and internal quotations omitted). The six *Hubbard* factors are: (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings. *In re Press Application for Access to Judicial Recs. in Case No. 23-SC-31*, 704 F. Supp. 3d 161, 169 (D.D.C. 2023) (citation omitted).

The *Hubbard* factors support unsealing.

First, the public has a substantial interest in how the Court supervises the Government's retention and use of property taken during a search of an elected official's residence. Access would allow the public to evaluate the positions presented to the Court, the safeguards at issue, and the basis for any ruling.

Second, the existence of the search and this docket's connection to the related access proceeding are public. The Court should consider prior access to each record and any overlap with releases on the warrant docket.

Third, any objection should be evaluated in light of the objector's identity and the interest asserted. To Judicial Watch's knowledge, no objections have been made.

Fourth, the Court can protect legitimate privacy, property, or privilege interests by redacting sensitive identifiers and protected content, including any material subject to Speech or Debate Clause protection, where warranted.

Fifth, any risk of prejudice to an investigation or to a party should be assessed record by record. Sensitive factual details may warrant protection while legal arguments, procedural history, and the Court's reasoning can often be disclosed.

Sixth, the filings at issue were presented to obtain or oppose judicial relief, and the rulings reflect the exercise of judicial power. That purpose weighs heavily in favor of public access.

The First Amendment independently requires that certain judicial proceedings be open to the public. To determine when this right applies, courts apply the "experience and logic" test, asking: (1) whether "there has been a tradition of accessibility" to the proceedings in question; and (2) whether public access would "play[] a particularly significant positive role in the actual functioning of the process in question." *Press-Enterprise Co. v. Superior Court of Cal.*, 478 U.S. 1, 9–11 (1986) (*Press-Enterprise II*); *In re Press Application*, 704 F. Supp. 3d at 173. The government may overcome this right only by demonstrating that "closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Press-Enterprise II*, 478 U.S. at 13–14 (citation omitted).

Public access would play a significant positive role by permitting scrutiny of the Court's supervision of the Government's retention and use of property taken during a search of an elected official's residence. Access would allow the public to evaluate the positions presented to the Court, the safeguards at issue, and the basis for any ruling. If the First Amendment right attaches, continued sealing must be essential to preserve a higher value and narrowly tailored to

serve that interest. *See Press-Enterprise II*, 478 U.S. at 13–14. The government should identify the specific harm disclosure would cause and explain why limited redactions would be inadequate. Even if the Court declines to recognize a First Amendment right to some or all of these materials, it should independently apply the common law presumption and the *Hubbard* factors.

***

For these reasons, the Court should grant limited intervention and unseal all judicial records listed on the above-referenced docket.

Dated: November 23, 2026

Respectfully submitted,

/s/ Michael Bekesha

Michael Bekesha (D.C. Bar No. 995749)
Sean O'Donnell (D.C. Bar No. 90040392)
JUDICIAL WATCH, INC.
425 Third Street S.W., Suite 800
Washington, DC 20024
Tel: (202) 646-5172
Email: mbekesha@JudicialWatch.org

*Counsel for Judicial Watch, Inc.*